LeROY WINSTEAD *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY OF LAKE *et al.*, Defendants-Appellees.

Second District   No. 82—201

Opinion filed December 28, 1982.

Benedict J. Ori and Alex Rafferty, both of Waukegan, and William Marlatt, of Lake Forest, for appellants.

Fred. L. Foreman, State's Attorney, of Waukegan (Gary Neddenriep, Assistant State's Attorney, and Miles J. Zaremski, Special Assistant State's Attorney, of counsel), for appellees.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Nine jail officers who were former employees of Lake County sought a declaratory judgment that the county's board of supervisors lacked power to remove them from merit personnel status. The county, its board of supervisors and the sheriff of Lake County were made defendants, and thereafter their motion for summary judgment was granted.

Plaintiffs appeal. The motion of the Lake County merit commission, also made a party defendant, to be dismissed from the appeal has been taken with the case.

The facts are undisputed. On September 14, 1965, the Lake County Board approved and passed an ordinance creating the Lake County sheriff's office merit commission. The authority of the merit commission extended only to officers and deputies of the sheriff's department. The ordinance in question was enacted pursuant to a statute (Ill. Rev. Stat. 1965, ch. 34, par. 859.1) which stated, in part, that the county "may, by ordinance, provide" that all full-time sheriff's deputies, other than special deputies, were to be appointed, promoted, disciplined, and discharged in accordance with recognized merit principles of public employment. In 1975, the legislature amended the statute to include "all deputies other than special deputies, and all jail officers" employed on a full-time basis in the office of the sheriff. (Ill. Rev. Stat. 1975, ch. 34, par. 859.1.) Shortly thereafter, on May 11, 1976, the county board enacted a resolution including all jail officers in the sheriff's department under the jurisdiction of the merit commission.

Pursuant to the above resolution, the merit commission certified the plaintiffs as merit personnel. On March 13, 1979, the county board, by resolution, removed all jail officers from the jurisdiction of the merit commission. Subsequently, on September 3, 1980, the sheriff of Lake County, Thomas Brown, terminated the employment of the plaintiffs. Thereafter, the plaintiffs requested that the merit commission conduct a hearing pursuant to its rules and regulations to determine the propriety of the sheriff's action in discharging the jail officers. On November 20, 1980, the merit commission refused to hear the plaintiffs' challenge to their discharges on the ground that once the county board had removed the jailers from the control or jurisdiction of the commission, the administrative agency was powerless to hold a hearing into the correctness of the discharges. The plaintiffs thereafter filed grievances with the Lake County grievance committee pursuant to the terms of the Lake County personnel manual which permits a post-discharge hearing. This proceeding is pending subject to disposition of this litigation.

On November 21, 1980, five of the plaintiffs filed a six-count complaint for declaratory judgment and other relief. Later four other discharged jailers were allowed to intervene as plaintiffs. The complaint requested a declaration that the county board's resolution of March 13, 1979, was void, unconstitutional, and ineffective; that the merit commission be ordered to accept and act upon the plaintiffs' requests for a hearing; that the sheriff be ordered to reinstate the plaintiffs; and that they be awarded back pay from the date of termination. All defendants, except the merit commission, filed a joint motion for summary judgment, while the plaintiffs made a motion for judgment on the pleadings. Both motions were denied.

The same defendants who made the original motion for summary judgment filed a motion to reconsider the denial of their earlier motion for summary judgment. On February 8, 1982, the trial court entered an order granting the defendants' motion for summary judgment. In its order, the court concluded that because the county board had the authority to totally abolish the merit commission, it accordingly had the less intrusive power to withdraw the class of jail officers from the jurisdiction of the merit commission. The court also found that there was no genuine issue of material fact presented.

The plaintiffs contend that the county board does not have the statutory authority to remove jail officers, as a class, from the jurisdiction of the merit commission. They concede that the statute is permissive in the sense that, by using the word "may" a county is allowed, rather than obligated, to establish a merit commission. They argue, however, that once established, the use of the conjunction "and" links the regular deputies and the jail officers together, thus mandating that the County may not remove one class, jail officers, from the control of the merit commission without removing the other class, the regular deputies.[1]

The statutory language is the most reliable indication of the intent of the drafters; and where that intent can be gleaned from the language of the statute, it will be given effect without resorting to extrinsic aids for construction. *People v. Robinson* (1982), 89 Ill. 2d 469, 475-76.

When the statutory section in question is read in its entirety,

---

[1]Effective January 1, 1981, section 58.1 (Ill. Rev. Stat. 1979, ch. 34, par. 859.1) has been repealed and replaced by section 7 of the Sheriff's Merit System Act which now provides that all full-time deputy sheriffs "shall be under the jurisdiction of this Act and the county board may provide that other positions, including jail officers *** shall be under the jurisdiction of the Commission." (Ill. Rev. Stat. 1981, ch. 125, par. 157.) The new statute is not itself applicable in this case.

it is apparent that the legislature intended that the county board could establish a merit commission by ordinance if it so desired, but was not required to do so. The statute, as amended in 1975 to permit the inclusion of jail officers, simply adds an additional category of employees who may be placed under the jurisdiction of the merit commission. The legislative intent was that the county board may provide, by ordinance, for the placement of all deputies within the control of the commission and, also, may provide that all jail officers be included within the commission's control. The conjunction "and" does not indicate a contrary intent.

A recent opinion of the Attorney General concluded that jailers employed on a full-time basis in the office of the sheriff need not be included in the merit system which the county board established pursuant to section 58.1. (1979 Ill. Att'y Gen. Op. 6.) Implicit in that opinion is the rejection of the argument which the plaintiffs raise here, that is, that the effect of the use of the conjunction "and" is to link deputies other than special deputies with jail officers and to require that both groups be viewed as a single class for purposes of inclusion within or exclusion from the control of the merit commission. The plaintiffs correctly note that, in the absence of any case law, the courts accord the opinions of the Attorney General great weight where they are well-reasoned and persuasive, although such opinions are not binding on the judiciary. (*City of Springfield v. Allphin* (1978), 74 Ill. 2d 117, 130-31.) In the present case, we consider the Attorney General's opinion well-reasoned and persuasive.

We find additional support for the same conclusion regarding the legislative intent behind section 58.1 in section 7 of the Sheriff's Merit System Act (Ill. Rev. Stat. 1981, ch. 125, par. 157), which replaced section 58.1. Under section 7 of the Sheriff's Merit System Act, all full-time deputy sheriffs "shall" be included under the jurisdiction of the merit commission, whereas the county board "may" provide that other positions, such as jail officers, shall be placed under the control of the merit commission. Although this statute became law after the controversy in question and, hence, does not govern the present case, it affords some legislative indication that the county board's decision, under former section 58.1, to include deputies within the control of the commission could be accomplished without also requiring that the jail officers be placed under the commission.

■ Section 58.1 is a permissive statute meant to give a county latitude in deciding on the scope of its merit system. We do not believe that the legislature intended to force counties to choose between placing both regular deputies and jail officers under merit protection

or placing neither under such protection. Requiring such an all-or-nothing choice could interfere with this policy of free choice in the adoption of merit employment. A county wishing to withdraw one class of employees from merit employment because it is experiencing difficulty in providing a sufficient number of certified candidates for that class (or for any other reason) would have to abolish its merit system altogether; a county wishing to place one class of employees under merit employment might be discouraged by a requirement that the other class also be included.

We cannot assume that the legislature intended that the evils of patronage must be prevented if the adoption of the system is made permissive and, thus, the legislature has not stated an underlying policy against patronage. Civil service or "merit" status is not a vested right and is subject to change by the legislature. (*Grobsmith v. Kempiners* (1981), 88 Ill. 2d 399, 404.) We conclude that because the county board has the power to abolish the merit system, or to adopt a merit system covering regular deputies but not jail officers, it follows that it has the power to retain merit commission jurisdiction over regular deputies while withdrawing jail officers from the system. In our view, the statute expresses no policy against removing a class of employees who are not required to be included in merit employment in the first instance.

The motion of the merit commission to be dismissed is allowed. The judgment of the circuit court of Lake County is affirmed.

Affirmed.

LINDBERG and HOPF, JJ., concur.