JAMES GRECO *et al.*, Plaintiffs-Appellants, v. McHENRY COUNTY SHERIFF'S DEPARTMENT MERIT COMMISSION *et al.*, Defendants-Appellees.

Second District   No. 2—93—1221

Opinion filed October 26, 1994.—Rehearing denied November 30, 1994.

Richard J. Smith, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellants.

William I. Caldwell, Jr., of Caldwell, Berner & Caldwell, of Woodstock, for appellees Fraternal Order of Police, McHenry County Sheriff's Department Merit Commission, and McHenry County Sheriff's Police Lodge No. 119.

James T. Harrison, of Woodstock, for appellee County of McHenry.

Bruce C. Beal and David M. House, both of Claudon, Lloyd, Barnhart & Beal, Ltd., of Canton, for appellee George H. Hendle.

Wayne M. Klocke, of Illinois Fraternal Order of Police Labor Council, of Countryside, for appellee Illinois Fraternal Order of Police Labor Council.

JUSTICE McLAREN delivered the opinion of the court:

The plaintiffs appeal the dismissal of their complaint seeking declaratory and injunctive relief based on their claim that they were improperly barred from promotion within the McHenry County sheriff's department. We reverse and remand for further proceedings.

The plaintiffs, James Greco, Donald McCune, and Steven Lumpp, are deputy sheriffs employed by McHenry County as jail officers. Each is subject to the McHenry County Merit Commission (Merit Commission), and each has worked for the county since before the passage on February 16, 1988, of a McHenry County ordinance that excluded jail officers from the merit system. The plaintiffs were specifically excepted and remain members of the merit system.

On April 12, 1993, the plaintiffs filed an amended three-count complaint alleging that portions of a collective-bargaining agreement (FOP contract) between the county and their union, the Fraternal Order of Police, and the bylaws of the Merit Commission violate the Sheriff's Merit System Law (Merit System Law) (55 ILCS 5/3—8001 et seq. (West 1992)). The plaintiffs sought an order enjoining the sheriff's department from hiring new officers to the rank of deputy sheriff or, alternatively, an order directing the department to pay the plaintiffs at the rate earned by the deputy sheriffs.

Plaintiff Lumpp, who has taken and passed the sergeant's examination, also asked the circuit court for an order requiring the Merit Commission to reconsider him for promotion or, in the alternative, to certify him for promotion to the rank of sergeant.

The defendants filed a motion to dismiss, arguing that the plaintiffs waived their rights to contest the Merit Commission's promotion system by virtue of their participation in the FOP contract, which acknowledges that the Merit Commission has sole authority over promotions. The defendants further argue that the FOP contract provides for mandatory arbitration through the union and, because the plaintiffs did not first file a grievance, their complaint in the circuit court is premature.

On September 22, 1993, the circuit court granted the motion to dismiss, denied the plaintiffs' request for injunctive relief, and ruled that the FOP contract is not unconstitutional per se. The court declared that the dismissal was a final and appealable order as to the issues raised but "it is without prejudice to the Plaintiffs to refile this action after completion of the grievance procedure in compliance with the FOP contract."

The plaintiffs appealed. For the following reasons, we find that

the motion to dismiss was improperly granted and that the plaintiffs may bring their complaint without first filing a union grievance.

■ On appeal of a grant of a motion to dismiss, we are concerned only with questions of law and are not bound by the reasoning or determination of the trial court. (*Santa Claus Industries, Inc. v. First National Bank* (1991), 216 Ill. App. 3d 231, 236.) As an administrative agency created by statute, the Merit Commission may exercise only such power as is directly provided for by the statute. (*Schalz v. McHenry County Sheriff's Department Merit Comm'n* (1986), 113 Ill. 2d 198, 202; 55 ILCS 5/3—8001 *et seq.* (West 1992).) The Merit Commission may not expand or change the operation of the Merit System Law, and any rule of the Merit Commission which conflicts with it is invalid. *People ex rel. Kilquist v. Brown* (1990), 203 Ill. App. 3d 957, 961.

The plaintiffs contend that the Merit Commission has exceeded its statutory authority by establishing "dual entry levels" within the sheriff's department when it is empowered only to designate a single entry level, which must also be the lowest rank within the department. The plaintiffs also contend that the hiring of new officers at the rank of deputy sheriff rather than as jailers violates the Merit System Law. We agree.

In construing a statute, a court of appeals will look first to the language of the statute and read such language according to its plain and popularly understood meaning. (*People v. Sheehan* (1994), 261 Ill. App. 3d 325, 328.) When the language of the statute is clear, it will be given effect without resort to other aids of construction. *People ex rel. Baker v. Cowlin* (1992), 154 Ill. 2d 193, 197.

■ Section 3—8011 of the Merit System Law provides that "*[a]ll* vacancies in *all* ranks of deputy sheriff above the lowest *shall* be filled by promotion." (Emphasis added.) (55 ILCS 5/3—8011 (West 1992).) Thus, a plain reading of the statute discloses that any new officers hired from outside the ranks of the current force must be hired into the lowest rank within the sheriff's department.

Clearly, the legislature meant to establish a system wherein no new officers could be hired from outside over the heads of officers occupying the lowest rank. This is the essence of a "merit" promotion system. If a county may establish two entry levels, it may establish dozens of entry levels and, thereby, thwart the clear intent of the legislature to provide for merit-based promotion. The McHenry County Merit Commission may establish only one entry level.

Ranks within the McHenry County sheriff's department are established by the rules of the Merit Commission, which provide:

"A. RANKS: For the purpose of the administration and operation of the McHenry County Sheriff's Police Department, the ranks in the Sheriff's Police Department shall be:

Major
Captains
Lieutenants
Sergeants
Deputy Sheriff
Deputy Sheriff (jailers)*

*This rank applies only to Deputy Sheriff Jailers who were appointed to said rank on or before February 16, 1988.

B. RANKS AND ASSIGNMENTS. Major, Captain, Lieutenant, Sergeant, Deputy Sheriff and Deputy Sheriff (jailer) are considered ranks rather than assignments." McHenry County, Ill., Rules, Regulations and Procedures, Sheriff's Department Merit Commission, arts. II A, B (revised May 12, 1988) (hereinafter Merit Commission Rules).

■ In its appellate brief, McHenry County argues that the ranks of deputy sheriff and deputy sheriff (jailer) are equivalent. Thus, both are promotable to sergeant. However, the Merit Commission's rules clearly provide that deputy sheriff and deputy sheriff (jailer) are separate ranks. Further, it is clear that the Merit Commission, which actually oversees promotions, does not share the county's view, at least not in practice. In a separate appellate brief, the Merit Commission argues that there are two entry levels and that the jailers occupy a unique position from which there can be no promotion. For the reasons we noted above, a "dual entry level" violates the Merit System law.

In a separate appellate brief, the FOP points out that the Merit System Law does not require counties to include jailers in their merit system. This is obviously true from a plain reading of section 3—8007 of the Merit System Law. (55 ILCS 5/3—8007 (West 1992).) It does not follow, however, that because McHenry County *may exclude* jailers from the merit system it may also choose to include them and then treat them differently than others within the system.

■ The plaintiffs next contend that the rank of deputy sheriff (jailer) is the lowest rank within the McHenry County sheriff's department and that, therefore, newly hired officers must be assigned to the rank of deputy sheriff (jailer). We agree.

On review of a motion to dismiss, all well-pleaded facts alleged in the complaint are taken as true. (*Cunningham v. Huffman* (1992), 223 Ill. App. 3d 878, 885.) According to the plaintiffs' complaint, jailers are paid less than are deputy sheriffs; jailers are supervised by

nonmerit system employees; jailers wear different uniforms than deputy sheriffs; and jailers have restrictions placed on their ability to carry weapons which are not applicable to deputy sheriffs.

Additionally, we note that article II of the Merit Commission Rules lists deputy sheriff (jailer) physically at the bottom of its six enumerated ranks. (Merit Commission Rules, art. II A.) Thus, there is sufficient evidence from which we may conclude that deputy sheriff (jailer) is the lowest rank within the McHenry County merit system.

McHenry County's brief points out that, although the Merit Commission Rules provide that "the rank of full-time Deputy Sheriff is the sole point of entry into the Department merit system" (Merit Commission Rules, art. III, § 1(A)), nothing in the rules indicates which of the two classes of deputy is the department's lowest rank.

As we have noted, there can be only one entry level in the sheriff's department, and the Merit Commission Rules list two separate ranks of deputy: deputy sheriff (jailer) and deputy sheriff. The fact that the Merit Commission Rules do not specifically state which of the two is the department's lowest rank does not end the discussion. *Some* rank must be the lowest.

This is not to say that the Merit Commission is forever bound to hire new officers as jailers. Indeed, no one contests the Merit Commission's power to change its rules to exclude jailers from the merit system. (*Winstead v. County of Lake* (1982), 111 Ill. App. 3d 323, 327; 55 ILCS 5/3—8007 (West 1992).) However, under the Merit Commission's current rules, deputy sheriff (jailer) is the lowest rank and the only one to which new officers may be hired.

■ The defendants argue that they were "forced" by the FOP contract to keep the plaintiffs within the merit system. There is nothing of record to support this claim. Labor agreements are generally the product of collective bargaining. Aside from the general duty to bargain in good faith, neither side is "forced" to accept any particular request. The fact that the county chose to ratify a union contract which kept the plaintiffs within the Merit Commission at the distinct rank of deputy sheriff (jailer) does not give the county the power to ignore the strictures of the Merit System Law.

■ We also reject the circuit court's determination that the plaintiffs must first exhaust their grievance procedures under the FOP contract before bringing a complaint in circuit court. The FOP contract with the county covers "wages, benefits and conditions of employment." Promotions are none of these. Additionally, the FOP contract specifically states that it has no power to "infringe on the function of the Sheriff's Merit Commission in testing applicants for new positions or promotions." Thus, it would be futile for the

plaintiffs to take their complaint about the Merit Commission's promotion system to the union when the union specifically is prohibited from interfering with the Merit Commission's handling of such matters. The plaintiffs' complaint ultimately turns on a question of law for a court to determine.

■ In a separate appellate brief, the McHenry County sheriff argues that the FOP agreement prevails over the Merit System Law. In support of this contention, the sheriff cites *Forest Preserve District v. Illinois Local Labor Relations Board* (1989), 190 Ill. App. 3d 283. However, that case does not stand for the proposition urged by the sheriff.

The court in *Forest Preserve* determined that the Cook County Civil Service Commission had to bargain with the officers' union over the contents and composition of a civil service examination which, after it was administered without union input, resulted in several temporary Forest Preserve officers being fired. The court found that the test's makeup involved "wages, hours and conditions of employment" and, therefore, was a mandatory bargaining subject. The court held that the Illinois Public Labor Relations Act (5 ILCS 315/1 *et seq.* (West 1992)) "predominates over the Commission *rules* concerning temporary employees." (Emphasis added.) (*Forest Preserve*, 190 Ill. App. 3d at 291.) Thus, *Forest Preserve* stands for the same basic proposition we employ here: the *law* of Illinois predominates over the *rules* of a county commission.

■ Finally, we reject the defendants' argument that the plaintiffs have "waived" their rights to complain about the Merit Commission's promotion procedures. Waiver is the intentional relinquishment of a known right. (*Illinois Valley Electrical Co-Operative, Inc. v. City of Princeton* (1992), 229 Ill. App. 3d 631, 638.) Nothing of record indicates that the plaintiffs intentionally relinquished their rights to challenge an illegal promotion practice in court.

The defendants argue that plaintiffs agreed by contract that the Merit Commission shall handle promotions according to "past practices" and, therefore, the plaintiffs have waived their right to complain about the practices. The Merit Commission's "past practices" are not clearly defined in the record, although it is clear that one such practice was to deny the plaintiffs the possibility of promotion. To the extent that this is what "in accordance with past practices" means, it is void, for the reasons we have explained above. It follows that no waiver occurred.

In summary, the Merit Commission may not maintain, either by rule or practice, a dual entry level. Because the plaintiffs have pleaded sufficient facts to indicate that they have been systematically

denied rights available to others within the merit system, and because we have determined that the plaintiffs need not file a union grievance prior to bringing the present cause of action, the judgment of the circuit court of McHenry County dismissing their complaint is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

GEIGER and QUETSCH, JJ., concur.