BRENDA GOODWIN *et al.*, Plaintiffs-Appellees, v. McHENRY COUNTY SHERIFF'S DEPARTMENT MERIT COMMISSION *et al.*, Defendants (The County of McHenry *et al.*, Defendants-Appellants).—BRENDA GOODWIN *et al.*, Plaintiffs-Appellants, v. McHENRY COUNTY SHERIFF'S DEPART- MENT MERIT COMMISSION *et al.*, Defendants-Appellees.

Second District   Nos. 2—99—1330, 2—99—1244 cons.

Opinion filed October 24, 2000.—Rehearing denied November 22, 2000.

James T. Harrison, of Harrison Law Offices, P.C., of Woodstock, for County of McHenry.

Bruce C. Beal, of Claudon, Kost, Barnhart & Beal, Ltd., of Canton, for George Hendle, William Mullen, and Keith Nygren.

Richard J. Smith, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for Joseph Colditz, Benjamin Essex, and Brenda Goodwin.

Joel A. D'Alba, of Asher, Gittler, Greenfield & D'Alba, Ltd., of Chicago, for appellee Fraternal Order of Police Lodge No. 119.

William I. Caldwell, Jr., of Caldwell, Berner & Caldwell, of Woodstock, for appellee McHenry County Sheriff's Department Merit Commission.

JUSTICE INGLIS delivered the opinion of the court:

In appeal No. 2—99—1244, plaintiffs, Brenda Goodwin, Joseph Colditz, and Benjamin Essex, appeal both the judgment of the circuit court of McHenry County granting summary judgment in favor of defendants, McHenry County Sheriff's Department Merit Commission (Merit Commission), McHenry County, the sheriff of McHenry County (Sheriff), and the Fraternal Order of Police Lodge No. 119 and Labor Council (FOP), on defendants' motion directed against plaintiffs' complaint and the judgment of the circuit court granting partial summary judgment in favor of defendants on defendants' motion for summary judgment on defendants' counterclaim. In appeal No. 2—99—1330, McHenry County and the Sheriff appeal the judgment of the circuit court insofar as it failed to grant them the full relief they sought in their motion for summary judgment on defendants' counterclaim.

## FACTS

Plaintiffs are or were deputy sheriffs employed as jail officers by McHenry County. Each plaintiff was subject to the Merit Commission and each had been employed by McHenry County before February 16, 1988, the date of the passage of McHenry County Ordinance No. 0—8802—1200—14 (Ordinance) excluding jail officers from the merit

system. McHenry County Ordinance No. 0—8802—1200—14 (1988). After February 16, 1988, jail officers were excluded from the merit system and, instead, were hired pursuant to a nonmerited system administered by the Sheriff. In 1995, the Sheriff created a nonmerited supervisory position for jail officers titled "sergeant of corrections."

The Sheriff determined that, in order for a merited deputy to be eligible for promotion to sergeant of corrections, the merited deputy would be required first to resign or obtain a leave of absence from his or her merited status. Plaintiffs protested this requirement.

The Sheriff subsequently notified all merited deputies assigned to the jail that they would be transferred to law enforcement positions within the sheriff's office and that the Sheriff had scheduled basic law enforcement training for those deputies. Plaintiffs sought and received a temporary injunction barring the Sheriff from transferring them from the jail and requiring any further training.

On April 25, 1996, plaintiffs filed a complaint alleging a number of violations of the Sheriff's Merit System Law (Merit System Law) (55 ILCS 5/3—8001 et seq. (West 1994)). Plaintiffs sought an order enjoining the sheriff's department from hiring new officers to the rank of deputy sheriff and an order directing the department to pay plaintiffs at the rate earned by the deputy sheriffs.

The trial court initially granted defendants' motion to dismiss plaintiffs' complaint, holding that it was time-barred under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/1—101 et seq. (West 1994)) and the doctrine of laches. The trial court then partially granted plaintiffs' motion to reconsider, reinstating only plaintiffs' claims for equitable relief. The trial court encouraged defendants to stipulate to allowing plaintiffs to participate in all promotional examinations for which they were eligible for the rank of merited or nonmerited sergeant, as that would be the relief it would grant if plaintiffs proved their claims.

Defendants stipulated to those terms and moved to dismiss the remainder of plaintiffs' complaint, contending that the stipulation provided the equitable relief to make plaintiffs whole. The trial court dismissed the remainder of plaintiffs' complaint, and plaintiffs appealed.

On appeal, this court held that plaintiffs' claims prior to April 25, 1995, were barred by the limitations period and that only the June 4, 1995, claim survived. Goodwin v. McHenry County Sheriff's Department Merit Comm'n, No. 2—97—0485 (1998) (unpublished order under Supreme Court Rule 23) (Goodwin I). This court also held that the stipulations violated the Merit System Law and were therefore invalid and remanded the case for further proceedings. Goodwin I, No. 2—97—0485.

On remand, defendants Sheriff and McHenry County both filed counterclaims seeking declaratory relief from the trial court by applying the law of the case to the staffing of the jail and to the disposition of plaintiff Goodwin (as plaintiffs Colditz and Essex had retired by that time). Defendants also filed motions for summary judgment on the remaining viable counts of plaintiffs' complaint, as well as on their counterclaims. On September 16, 1999, the trial court granted summary judgment in favor of all defendants against all plaintiffs on all counts of plaintiffs' complaint. On October 22, 1999, the trial court ruled on defendants' counterclaims, holding that the jail could be fully staffed by nonmerited deputies while "grandfathering" Goodwin's status as a merited correctional officer. The court also found that Goodwin's appointment to the nonmerited sergeant of corrections position was voided by this court's order in *Goodwin I* and held that Goodwin was ineligible to retain the nonmerited position of sergeant of corrections and was ineligible for future promotion within the corrections division unless she relinquished her merited status. The trial court also cautioned that the Sheriff should consider Goodwin's wishes in determining whether to reassign her to a new position. Plaintiffs and defendants both timely appealed.

## ARGUMENT

### 1. Motions Taken with the Case

■ Before addressing the merits of the two appeals, we must first address several motions we ordered to be taken with the case. Both plaintiffs and the Merit Commission filed motions to supplement the record on appeal. After careful consideration of each motion and response, we grant both motions. Additionally, the Sheriff and McHenry County each filed motions to strike plaintiffs' appellate brief in appeal No. 2—99—1244 for failure to comply with Supreme Court Rules 341 and 342 (177 Ill. 2d R. 341; 155 Ill. 2d R. 342). While plaintiffs' appellate brief is deficient, we nevertheless deny defendants' motions. We note, however, that we will consider only those arguments that are supported by proper legal and factual support and that we will disregard those portions of plaintiffs' statement of facts that are argumentative or unsupported by the record.

### 2. Appeal No. 2—99—1244

■ We first turn to plaintiffs' contentions in appeal No. 2—99—1244. Plaintiff initially appears to argue that "defendants' " (presumably the Merit Commission and, possibly, the Sheriff and McHenry County) policies for hiring and promoting jail officers conflict with the Merit System Law and (presumably) should be invalidated. We find

that plaintiffs have waived this argument. In essence, plaintiffs argue that the Merit Commission's rules and procedures conflict with this court's decision in *Greco v. McHenry County Sheriff's Department Merit Comm'n*, 267 Ill. App. 3d 303 (1994). Plaintiffs fail to note, however, that the Merit Commission's rules were amended in 1997 in light of the conclusions of the *Greco* court. In *Greco*, the Merit Commission was operating under a dual entry system in which deputies were hired either as a deputy sheriff or deputy sheriff (jailer). *Greco*, 267 Ill. App. 3d at 306. This court held that the Merit Commission was violating the law by utilizing a dual entry system. *Greco*, 267 Ill. App. 3d at 306-07. Plaintiffs appear to merely reiterate the arguments raised, and settled, in *Greco*. Further, plaintiffs offer neither factual nor legal support for their contentions, thereby violating Supreme Court Rule 341(e)(7) (177 Ill. 2d R. 341(e)(7)). Accordingly, because the substance of plaintiffs' argument fails to support their thesis and is factually unsupported as well as unsupported by relevant legal authority, we hold that the argument is waived.

■ Next, plaintiffs argue that the Ordinance directly conflicts with the Merit System Law and is therefore invalid. According to plaintiffs, the Ordinance removes merited deputy sheriffs who are acting as jailers from the jurisdiction of the Merit Commission and places them under the control of the county board. This contention is without merit.

We first note that plaintiffs were hired before the Ordinance was passed. Thus, the Ordinance does not apply to plaintiffs or change their status as merited deputies.

Additionally, plaintiffs overlook the clear import of the language of the Merit Commission Law, well-settled law, and the law of the case. The Merit Commission Law provides that "[a]ll full time deputy sheriffs shall be under the jurisdiction of this Act and the county board may provide that other positions, including jail officers, *** shall be under the jurisdiction of the [Merit] Commission." 55 ILCS 5/3—8007 (West 1996). By use of the permissive "may" in section 3—8007, the legislature clearly contemplated that the county board could, in its discretion, place jailers under the authority of the Merit Commission or not. Thus, the fact that the 1988 Ordinance excludes jail officers from the merit system does not conflict with section 3—8007 of the Merit System Law.

Further, in *Winstead v. County of Lake*, 111 Ill. App. 3d 323, 326-27 (1982), this court held that the Merit System Law allowed the county board to choose whether to withdraw specific classes of officers, such as jail officers, from the merit system while retaining the merit system for regular deputies. *Winstead*, therefore, clearly allows McHenry

County to pass the 1988 Ordinance, which withdrew corrections officers from the merit system. This court reaffirmed that proposition in *Greco*, stating that "no one contests the Merit Commission's power to change its rules to exclude jailers from the merit system." *Greco*, 267 Ill. App. 3d at 308. Finally, in *Goodwin I*, we stated that "a county could place *either* deputy sheriffs or deputy jailers under the merit system, both deputy sheriffs and deputy jailers under the merit system, or neither deputy sheriffs and deputy jailers under the merit system. The county had the authority to choose its mode of employment." (Emphasis in original.) *Goodwin I*, slip order at 14. Thus, under well-settled case law and the law of the case, there is no conflict between the Ordinance, which withdrew corrections officers from the merit system, and section 3—8007 of the Merit System Law.

Plaintiffs further appear to argue that, by having been assigned to work in the jail, they have somehow been stripped of their merited status. Thus, plaintiffs appear to contend that, although they are merited deputies, they are not being treated as such by virtue of their assignment and that this violates the Merit System Law. In support, plaintiffs cite *Roche v. County of Lake*, 205 Ill. App. 3d 102 (1990), apparently for the definition of "full time deputy sheriff." We find this contention to be illusory, as there is no question that plaintiffs are under the merit system even though they are assigned duty in the jail. We also find *Roche* to be inapposite, as it involved the issue of whether certain employees were to be included in the retirement benefits plan. Further, the case was decided with reference to the rules of the Lake County Sheriff's Merit Commission, which are distinct from the rules of the Merit Commission at issue in this cause.

Plaintiffs next contend that the trial court erroneously granted summary judgment on plaintiffs' complaint in favor of defendants. A trial court should grant summary judgment only if, after construing the evidence in the light most favorable to the nonmoving party, "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2—1005(c) (West 1998); *Hubert v. Consolidated Medical Laboratories*, 306 Ill. App. 3d 1118, 1125 (1999). We review a trial court's entry of summary judgment *de novo*. *Hubert*, 306 Ill. App. 3d at 1125.

Before determining whether summary judgment was properly granted to defendants, we first recapitulate the trial court's ruling on defendants' motions for summary judgment. Following the remand from this court's order in *Goodwin I*, the remaining issue in this litigation was whether plaintiffs were injured as a result of the June

1995 nonmerited promotional event. On remand, the trial court concluded that, after the resolution of the first appeal, only counts III, IX, and X remained because they were the only counts to be based on the June 1995 nonmerited promotional event; the other counts were time-barred. The trial court held that plaintiffs' exclusion from the 1995 nonmerited promotional event was proper as a result of plaintiffs' testimony that they refused to take a leave of absence or surrender their merited status.

The trial court also found that plaintiffs were not denied meaningful opportunities for promotion. The trial court found instead that there was nothing preventing plaintiffs from taking merited promotional examinations; rather, plaintiffs chose to forego merited promotional opportunities or failed them and also refused to agree to receive training that would qualify them to serve in the patrol division. The trial court found, therefore, that any "injury" to plaintiffs arose as a result of deliberate choices they made to remain assigned to the jail where they would not be able to receive a promotion to a nonmerited supervisory position.

The trial court further found that, in light of *Goodwin I*, plaintiffs were at all times ineligible for promotion to the nonmerited position of sergeant of corrections. The trial court thus rejected plaintiffs' allegations that they were injured in 1995 by not being allowed to do what *Goodwin I* found to be illegal, namely, hold the nonmerited position of sergeant of corrections while retaining their merited status. The trial court also refused to hold the 1988 Ordinance invalid and rejected plaintiffs' contention that the Sheriff was required to provide them with merited promotional opportunities within the division of their choice.

■ Turning to plaintiffs' contentions regarding the propriety of summary judgment, plaintiffs first contend that the trial court erred by concluding that *Goodwin I* held that the Ordinance was valid and enforceable. Plaintiffs argue that they raised the enforceability issue only in response to defendants' counterclaim. As noted above, however, the Ordinance does not conflict with the Merit System Law. The trial court's conclusion, therefore, was correct, even if it misconstrued this court's decision in *Goodwin I*.

Next, plaintiffs contend that there is an issue of fact concerning whether they could actually qualify for a position in the patrol division. Plaintiffs argue that the trial court's decision rests on the assumption that they could complete and pass the requisite physical and academic training to qualify for a position within the patrol division. We disagree. The trial court did not assume that plaintiffs could pass the necessary training. Rather, the trial court noted that plaintiffs had

refused transfer to the patrol division, even though they were eligible to be transferred. From this, the trial court correctly concluded that plaintiffs had refused to seek out available promotional opportunities. The material issue is not whether plaintiffs could successfully complete the required training, but whether plaintiffs were afforded meaningful opportunities for advancement. We also note that, imagining that plaintiffs took promotional examinations for which they believed themselves to be well qualified, there is nothing to guarantee that they would pass those examinations or be placed in a sufficiently high position on the promotional list to assure them of that promotion. The mere uncertainty of outcome does not create a genuine issue with regard to opportunity. We find plaintiffs' argument to be without merit.

■ Next, plaintiffs argue that the trial court improperly held that they were required to relinquish their merited status in order to accept a promotion to the position of nonmerited sergeant of corrections. Plaintiffs contend that there is no authority in the Merit System Law to require a merited deputy to relinquish his or her merited status. We reject this argument. Rather than ruling in violation of the Merit System Law, the trial court merely offered plaintiffs a pragmatic and realistic solution to their difficulties: either remain in their current assignments or make themselves eligible for nonmerited positions by laying aside their merited status in some fashion. Thus, the trial court gave the *choice* entirely to plaintiffs to control their own individual destinies; it *required* them to do nothing. We find no flaw in the trial court's reasoning.

Plaintiffs also approach this contention from the direction that the trial court erroneously interpreted this court's order in *Goodwin I* to require that plaintiffs transfer to another assignment within the sheriff's department in order to be eligible for a promotion. Again, this contention is without merit, as the trial court merely expressed the practical realities of plaintiffs' situation and did not misinterpret this court's ruling in *Goodwin I*.

■ Plaintiffs last contend that the trial court punished them for seeking and obtaining an injunction to prevent the Sheriff from transferring them. We are unable to discern the basis for plaintiffs' argument on this issue. Plaintiffs appear to reason that, because the trial judge expressed some level of criticism over their decision to seek the injunction, he was prejudiced against them. We note that this argument was more fully, and improperly, developed in plaintiffs' statement of facts, and as argument in the statement of facts, we do not consider it. See 177 Ill. 2d R. 341(e)(6). In any event, we note that plaintiffs have waived this issue for failing to provide any factual or legal authority in support of their contention. See 177 Ill. 2d R. 341(e)(7).

■ Last, we address some miscellaneous issues, even if they were not specifically raised in the argument portion of plaintiffs' brief. Plaintiffs repeatedly refer to the corrections personnel as "sworn deputy sheriffs" and, as a result of this label, contend they are or should be under the Merit Commission's jurisdiction. We disagree. As noted above, we find the 1988 Ordinance, removing corrections personnel from the authority of the Merit Commission, to be valid. Thus, jail personnel hired after 1988 are not merited deputies. Additionally, they were not approved or otherwise qualified by the Merit Commission and so do not qualify for the positions of merited deputy. Moreover, the issue of whether jail personnel are merited deputies is not relevant to this appeal. Further, this issue was finally decided in *Gantz v. McHenry County Sheriff's Department Merit Comm'n*, 296 Ill. App. 3d 335, 340 (1998), finding that the arbitrator's decision was final and binding and acts as *res judicata* on this issue.

■ Plaintiffs contend that they are ineligible for further training. Plaintiffs argue that, because they have served more than six months as deputies, any further training is impossible because training is mandated to occur within the first six months of employment. See 50 ILCS 705/8.1 (West 1996) ("no person shall receive a permanent appointment as a law enforcement officer *** [or] a county corrections officer unless that person has been awarded, within six months of his or her initial full-time employment, a certificate" demonstrating that he or she passed basic training). We find this argument to be wholly without merit as well as an absurd interpretation of the statute. Clearly, the statute mandates, at a minimum, that training be received within six months of reassignment to the patrol division, not, as plaintiffs claim, six months from the date they entered employment with the Sheriff.

In sum, we find that the trial court did not err in granting summary judgment on plaintiffs' complaint in favor of defendants. Accordingly, we affirm the trial court's judgment in appeal No. 2—99—1244.

### 3. Appeal No. 2—99—1330

We now turn to the matters raised in defendants' appeal No. 2—99—1330. This appeal arises out of the trial court's partial grant of summary judgment in favor of defendants on the Sheriff's and McHenry County's counterclaims. We review the trial court's grant of summary judgment *de novo*.

We first recapitulate the trial court's ruling. By the time the counterclaims were filed, Colditz and Essex had retired and therefore the counterclaims involved only Goodwin. The counterclaims sought a declaratory judgment that (1) the appointment of Goodwin to the non-

merited position of sergeant of corrections was void (which the trial court granted); (2) the Sheriff possessed the authority to transfer Goodwin from the jail into the patrol division and provide her with the requisite training (the trial court did not agree and determined that Goodwin had the right to approve any transfer and training); (3) the jail could be staffed exclusively with nonmerited personnel pursuant to the objective of the Ordinance (the trial court agreed but determined that Goodwin had the right to be grandfathered into a position in the jail even though she was a merited deputy); and (4) Goodwin could not hold a nonmerited position (the trial court agreed and returned Goodwin to her prior assignment but noted that she had the right to refuse transfer and that she was the exception to the requirement that the jail be staffed only by nonmerited personnel).

Both the Sheriff and McHenry County first argue that the trial court was without jurisdiction to rule on the counterclaims, contending that the Illinois State Labor Relations Board (ISLRB) had the exclusive jurisdiction to hear these claims. Defendants argue that the Illinois Public Labor Relations Act (Act) (5 ILCS 315/1 *et seq.* (West 1996)) governs any disputes arising out of a collective bargaining agreement. Defendants reason that, because the collective bargaining agreement gives the Sheriff the right "to hire or promote from the Merit Commission eligibility list, transfer, schedule and assign Employees in positions and to create, combine, modify and eliminate positions within the Sheriff's Department," the Act controls and jurisdiction is only before the ISLRB. We disagree.

■ The law of the case controls this issue. In *Goodwin I*, slip order at 15-16, we determined that plaintiffs did not allege a breach of the collective bargaining agreement; rather, they alleged that the collective bargaining agreement violated Illinois law. Likewise here, McHenry County's and the Sheriff's counterclaims do not purport to allege that the collective bargaining agreement has been breached, much less that it violates the law. Rather, these defendants sought a declaration of their rights under the Ordinance, the Merit System Law, the sheriff's division of the Counties Code (Sheriff's Act) (55 ILCS 5/3—6001 through 3—6039 (West 1996)), and the Illinois Police Training Act (50 ILCS 705/1 *et seq.* (West 1996)). Thus, pursuant to the law of the case, as defendants do not allege a breach of the collective bargaining agreement, jurisdiction in the trial court was proper.

■ Next, McHenry County and the Sheriff assert that the trial court did not enter a declaratory judgment but, instead, entered a permanent injunction against the Sheriff. We disagree. We have carefully reviewed the record and pertinent orders of the trial court and conclude that the trial court's order was in fact a declaration of rights.

The trial court did not prohibit any conduct by the Sheriff; rather, it set out the rights of the parties under the various statutes. In sum, the trial court ruled that Goodwin must be given consideration by allowing her the right to veto a transfer and to remain in the jail division if she wished. The trial court also ruled that, if Goodwin wished to secure her promotion in the jail division, she would have to relinquish her merited status but that she could remain assigned to the jail division at her option. We find no prohibitions on future conduct in the trial court's order; consequently, we hold that the trial court did not enter an injunction. We note that the remainder of McHenry County's argument is entirely premised on the erroneous idea that the trial court entered an injunction. Having resolved the issue contrarily to McHenry County, we need not consider its remaining arguments.

The Sheriff, however, pursues a different tack, arguing that provisions in both the collective bargaining agreement and the Sheriff's Act give him the unfettered right to control the internal operations of the office. Based on this, the Sheriff concludes that the trial court erroneously entered summary judgment, which subjected the Sheriff's authority to control his office to the approval of Goodwin. We agree.

The Sheriff first argues that the collective bargaining agreement clearly authorizes him to assign employees between the divisions in the department. We agree. Under the 1987 collective bargaining agreement, to which Goodwin was a party and which was in effect before the passage of the Ordinance, the Sheriff possessed the rights "[t]o create an organizational structure; to hire or promote from the Merit Commission eligibility list, transfer, schedule and assign employees in positions and to create, combine, modify and eliminate positions within the Sheriff's Department." The 1987 collective bargaining agreement applied to all Sheriff's Department employees. In the 1993 collective bargaining agreement applicable to Goodwin, the following language was added: "Nothing in this Article is intended to alter or abrogate the intention or authority of any other Article contained in this Agreement. Anything not specifically provided for pursuant to this Collective Bargaining Agreement shall be left to the exclusive discretion of the Employer." Finally, the 1996 agreement contemplates the effects of a transfer among the department's divisions:

> "County employees who have been assigned into Unit I will maintain their cumulated County seniority for purposes of vacation and other benefit accrual related purposes, but will use Unit seniority for purposes of shift selection, vacation selection, layoff determination and all other circumstances where seniority is used competitively among employees. For purposes of pay, the employee

assigned to Unit I from a previous position shall be placed at the appropriate step of the pay scale, so as not to suffer any loss of pay."

These provisions clearly authorize the Sheriff to transfer employees among the divisions in the department. In other words, the collective bargaining agreement clearly and unambiguously gives the Sheriff the authority to control the internal operations of his office. Where contractual terms are clear and unambiguous, there is no need to resort to extrinsic evidence, and the terms should be given their plain and ordinary meaning. *W.H. Lyman Construction Co. v. Village of Gurnee*, 131 Ill. App. 3d 87, 96 (1985). Thus, the collective bargaining agreement, to which Goodwin was a party, clearly authorizes the Sheriff to control the internal operations of his office by transferring personnel as necessary. As a necessary corollary to this authority, the Sheriff, utilizing his ability to transfer personnel, may also complete the creation of a nonmerited environment, pursuant to the Ordinance. Accordingly, we determine that the trial court's order conflicts with the collective bargaining agreement.

The Sheriff next contends that his authority to control the internal operations of his office also derives from statute. We agree. The Sheriff's Act provides that, "[i]n counties of less than 1 million population, the sheriff shall control the internal operations of his office." 55 ILCS 5/3—6018 (West 1996). The Sheriff is "responsible for the hiring and training of all personnel necessary to operate and maintain the jail." 730 ILCS 125/3 (West 1996). Additionally, the Sheriff is responsible for making sure that deputies and corrections officers receive the proper training. See 50 ILCS 705/8.1 (West 1996) (requiring law enforcement officers and county corrections officers to pass minimum basic training). These provisions give the Sheriff the power to control the operation of his office and, as a necessary incident to that power, the right to transfer personnel between the various divisions of his department as required for the efficient and competent execution of his duties. Further, in any of the statutes dealing with the Sheriff and his duties and responsibilities, nothing prohibits or limits the Sheriff from assigning or transferring employees from one division to another.

Additionally, this power was recognized in *County of Kane v. Illinois State Labor Relations Board*, 165 Ill. App. 3d 614, 622 (1988), which stated that the "Sheriff, by statute, controls the internal operations of his office," including "conduct, discipline, hiring, promotions, [and] scheduling." This also includes staffing decisions and, necessarily, personnel transfers. Significantly, none of the statutes or cases allows the Sheriff's employees to exercise control over their work as-

signments. Thus, the Sheriff alone possesses the power, statutorily derived, to make the necessary staffing assignments, including transfers of employees, to control the internal operations of his office.

Based on the collective bargaining agreement, as well as the Sheriff's Act, the law requires that the Sheriff hold the power to make staffing decisions. The trial court had no legal basis to subject the Sheriff's authority to Goodwin's approval. Accordingly, we hold that the trial court erred by ordering that Goodwin retain the option to determine her assignment and requiring her consent to any transfer within the Sheriff's department. We note, however, that Goodwin still retains the option of relinquishing her merited status in order to accept her promotion to the nonmerited position of sergeant of corrections. If she retains her merited status, then she is subject to the authority of the Sheriff to determine her assignment and to transfer and train her as necessary.

Goodwin's responses to the Sheriff's contention are either not on point to the Sheriff's arguments, repetitive of the issues raised in plaintiff's appeal No. 2—99—1244, or merely nonresponsive. As we have dealt with those issues above, or they do not address the issues raised by the Sheriff, we need not and do not address them at this time.

To sum up our decision, as the trial court's grant of summary judgment and consequent entry of the declaratory judgment were based upon an erroneous legal interpretation, we modify the declaratory judgment to conform to the opinions expressed above. Thus, (1) the appointment of Goodwin to the nonmerited position of sergeant of corrections was void, but Goodwin may secure this appointment by relinquishing her merited status; the trial court shall set a reasonable time for Goodwin to make her decision, and we affirm the trial court's decision concerning the status of Goodwin's benefits, seniority, and compensation; (2) the Sheriff possesses the authority to transfer Goodwin from the jail division into the patrol division, or elsewhere, and to provide her with the requisite training; (3) the jail may be staffed exclusively with nonmerited personnel pursuant to the objective of the Ordinance, although the Sheriff, in his discretion, may assign merited personnel to staff the jail; and (4) Goodwin cannot hold a nonmerited position without first surrendering her merited status through resignation or leave of absence. Last, we remand the cause for further proceedings consistent with this order.

## CONCLUSION

In appeal No. 2—99—1244, the judgment of the circuit court of McHenry County is affirmed in all respects. In appeal No. 2—99—

1252

1330, the judgment of the circuit court of McHenry County is affirmed in part as modified and reversed in part, and the cause is remanded for further proceedings consistent with this order.

No. 2—99—1244, Affirmed.
No. 2—99—1330, Affirmed in part as modified and reversed in part; cause remanded.

COLWELL and RAPP, JJ., concur.